CLEVELAND-AKRON BUS CO. *v.* ROGOFF.

*Carriers—Allegations of petition sufficient to designate defendant as common carrier—Bailments—Prima facie negligence established by carrier's agent accepting passenger's luggage, when—Facts considered by jury in determining what constitutes baggage—Articles belonging to or purchased for passenger's family constitute baggage, when—Carrier's liability not controlled by baggage check system rules, when.*

1. Allegations in a petition "that the defendant is a corporation duly organized and doing business under and by virtue of the laws of Ohio, with one of its termini and principal offices located at Akron * * *," and "that * * * the plaintiff became a passenger upon a * * * bus * * * belonging to the defendant company and operating between Cleveland and Akron," and "that, as a passenger for hire, plaintiff gave into the possession of the agents * * * of the defendant company operating said bus, a certain hand bag," constitute an averment that defendant is a common carrier.

2. Proof of loss of a passenger's hand bag, taken in charge by the agent of a common carrier, establishes a *prima facie* case of damages, and puts such carrier upon its defense.

3. In determining what is baggage, a jury may take into consideration what a passenger is in the habit of carrying for his personal convenience or use, within a reasonable limit, and it may include articles which belong to or which were purchased by such passenger for some other member of his family.

4. Where a passenger on a common carrier desires to keep possession of his hand bag, and the agent of said carrier insists on taking it, and the passenger is assured by said agent that said bag will be safe in his possession, and he does take it, the liability of said carrier is not controlled by the ordinary rules governing baggage on a common carrier, where baggage is carried on a check system, at the request of the passenger.

(Decided June 18, 1926.)

ERROR: Court of Appeals for Summit county.

*Mr. C. M. Hamill* and *Mr. C. B. MacDonald,* for plaintiff in error.

*Messrs. Lahrmer & Hadley,* for defendant in error.

FUNK, J.   The defendant in error, Elias Rogoff, commenced his action in the municipal court of Akron against the Cleveland-Akron Bus Company to recover the sum of $162.75, as the value of a hand bag and contents taken in charge by the bus company while Rogoff was a passenger on one of said bus company's busses from Cleveland to Akron, which bag and contents said bus company did not return to Rogoff on reaching Akron, because the same could not be located, it having been apparently lost or stolen.

On motion, several items of alleged damages were eliminated as being items for which the bus company would not be liable. An amended peti-

tion was filed, alleging the value of the hand bag and contents, other than the eliminated items, at $145.50.

The bus company for its answer says:

"Comes now the defendant and for want of knowledge denies that the plaintiff was a passenger on one of its busses; denies that the plaintiff gave into its possession a hand bag containing wearing apparel and personal belongings; denies that the defendant did not use due care in the conveyance of said hand bag and contents; and denies that said hand bag and contents were lost by negligence of the defendant. Defendant further denies that the statement attached to plaintiff's petition shows the true value of said bag and contents.

"For a second defense, defendant avers that the item of one ladies' wrist watch was not the property of the plaintiff, or, if it was the property of the plaintiff, that it was intended as a gift for another; that the plaintiff carried said ladies' wrist watch without defendant's knowledge or consent; that the said ladies' wrist watch was carried without consideration to the defendant; that the defendant exercised due care in its carriage and has fully performed any obligation or duty to the plaintiff in relation thereto."

Wherefore it prays that the petition may be dismissed and that it may go hence with its costs.

The case was tried to the judge without a jury, who found for the plaintiff and rendered judgment in the sum of $116.25, which judgment was affirmed by the common pleas court, and the case is now here on petition in error to reverse the judgment of the common pleas and municipal courts. The parties will be referred to as plaintiff and defendant, as they were in the municipal court.

Counsel for the bus company contend that the finding and judgment of the municipal court are manifestly against the weight of the evidence, and are contrary to law, for three reasons:

First, because there was no allegation in the amended petition that the bus company was a common carrier, and the allegations are therefore "not sufficient in law to maintain said action against the plaintiff in error."

The following allegations appear in the amended petition:

"That the defendant is a corporation duly organized and doing business under and by virtue of the laws of Ohio, with one of its termini and principal offices located at Akron, Summit county, Ohio"; "that * * * the plaintiff became a passenger upon a certain bus known as the President Harding, belonging to the defendant company and operating between Cleveland and Akron"; and "that, as a passenger for hire, plaintiff gave into the possession of the agents and employees of the defendant company operating said bus, a certain hand bag containing wearing apparel and personal belongings."

These allegations all contain terms that pertain exclusively to things that are especially applicable to and are done by common carriers.

Moreover, it will be observed that the answer does not contain a general denial and alleges a series of special denials, but does not deny that defendant is a common carrier and carries passengers for hire, or that it is a corporation organized and doing business in Ohio with one of its termini and principal offices located at Akron.

Our Supreme Court, as early as the case of *Jones* v. *Voorhees,* 10 Ohio, 145, held that the proprietors

of a stage coach were common carriers, and, if stage coach proprietors were common carriers, then certainly the present day bus company proprietors are common carriers.

Furthermore, a bus company transporting passengers by motor power is now, by special legislation, designated as a common carrier, and prohibited from operating in Ohio without a certificate of authority from the Public Utilities Commission authorizing it to be such a carrier. See Section 614-84 *et seq.*, General Code.

We are therefore unanimously of the opinion that the allegations in the petition in reference to the carrying of passengers for hire, the giving of the hand bag into the possession of the defendant, and specifying the location of one of its termini, are sufficient to designate the defendant as a common carrier under all the circumstances of this case—there being no denial that defendant was a common carrier, and there being no evidence indicating that defendant was not a common carrier. On the contrary, the whole tenor of the answer and the trial of the case was on the theory that defendant was a common carrier, and the uncontroverted evidence clearly showed that defendant was a common carrier.

Second, because there must be a showing of negligence on the part of the defendant before plaintiff can recover, and that there is no evidence of negligence in the record.

While there are some older decisions that hold that the loss of the hand bag raises no presumption of negligence, we find that the rule adopted in the more modern decisions, and which we believe is the better and more sound and just rule, is that the

proof of loss or injury establishes a sufficient *prima facie* case to put the bailee upon his defense. 6 Corpus Juris, 1158, Section 160, and authorities cited thereunder.

The evidence in this case clearly shows that the defendant company took possession of the hand bag with its contents at the commencement of the trip; that it did not restore it to the plaintiff at the end of the trip in Akron; that the hand bag was not in the bus and could not be found; and that the defendant had made no explanation whatever as to what became of it. Under the above well-established rule, and the evidence in this case, we are of the opinion that the court below was fully justified in drawing the inference that the hand bag with its contents was missing by reason of the negligence of the defendant, and that such finding is not manifestly against the weight of the evidence.

Third, because certain articles, to-wit, one ladies' wrist watch and one silk sweater, are not articles of baggage for which it can be held liable.

The question as to what is properly baggage for which a passenger is entitled to recover is generally one for the jury to decide, under all the circumstances; and, in determining what is such baggage, the general rule seems to be that the jury may take into consideration what such passenger has been in the habit of carrying in his travels for his personal convenience, or use, within a reasonable limit, and what a person so circumstanced is ordinarily in the habit of carrying, and that it may include articles of a reasonable amount or value which belong, not only to the passenger, but to members of his family, and also articles which he may have purchased for members of his family,

such as men ordinarily are in the habit of purchasing and bringing to members of their families when on trips away from home; but the rule would not include articles or presents for other persons, although in some jurisdictions the rule has been modified so as to include a reasonable amount of property of another, intrusted to the passenger to carry for such other person.

In this day and age, it certainly could not be said that a wrist watch and a silk sweater for his wife are articles that would not ordinarily be carried by a man on his trip home, and in the instant case it certainly could not be said to be out of the ordinary for a man to take a wrist watch with him from Akron to Cleveland to show to his mother and sister preliminary to giving it to his wife for a present, or that a silk sweater having been at the home of his mother and sister was not a proper article of baggage for him to take home to his wife; neither can it be said that under present day values the valuation of these articles was unreasonable in amount.

Furthermore, few, if any, decisions can or do define definitely just what may be termed baggage, although there are many decisions definitely finding that certain articles under given circumstances are not baggage, and much of the law on the subject is based upon the theory that the passenger voluntarily places the baggage with the common carrier on a system of checks, to suit the convenience of the passenger. However, the record shows in the instant case that the defendant took possession of the hand bag to suit its own convenience, and not that of the plaintiff, who wanted to keep the bag with him, and, when the employe of

the defendant insisted on taking it for the reason that there was not room for it in the space provided for plaintiff as a passenger, plaintiff then asked for a check for it, whereupon he was assured by the employe of defendant that it would be perfectly safe in the defendant's possession. We are thus inclined to the opinion that the rules governing what is baggage, under the circumstances in this case, would be somewhat different than those governing in the case of the passenger who voluntarily places his hand bag in the possession of the carrier on a check, to suit the convenience of the passenger, and that the placing of the hand bag in the possession of the defendant in the instant case was rather in the nature of a special contract, not controlled by the rules and laws governing baggage on railroad trains, where the baggage is carried on a check system in a separate compartment to suit the convenience of the passenger and not that of the common carrier.

However, even if we are wrong in our conclusion that the pleadings and evidence are sufficient to show that the defendant is liable as a common carrier, and conceding that defendant was not a common carrier and that plaintiff neither alleged nor proved that defendant was a common carrier, and considering the case entirely on the theory of the defendant, the uncontroverted evidence is that the defendant carried the plaintiff for hire, took possession of plaintiff's hand bag to suit its own convenience, to care for it on the trip, and assured plaintiff that it would be perfectly safe. Under this theory it is perfectly clear from the evidence that the defendant would be thus liable as a bailee for hire on a special contract. So that, under the

theory either of a common carrier bailee, or a special bailee, the defendant would be liable, and the liability for baggage, of the bailee for hire under a special contract, would no doubt be broader than that of a common carrier, and would include articles that might not be classed as ordinary baggage.

We are therefore of the opinion that the finding of the court in the instant case is not manifestly against the weight of the evidence or contrary to law, under the facts and circumstances as shown by the record. The judgment of the court below will therefore be affirmed.

*Judgment affirmed.*

PARDEE, P. J., and WASHBURN, J., concur.